*D. D. Pratt* and *John N. Pettit*, for the appellants.

*Nov. Term, 1861.*

DEARTH v. THE STATE.

---

DEARTH v. THE STATE.

The liquor law of 1859 does not give an appeal from the judgment of a justice in a prosecution for a violation of that law, and as the general statute on the subject of appeals from justices in criminal cases only gives an appeal to the Common Pleas, no appeal will lie to the Circuit Court from the judgment of a justice for a violation of the liquor law.

APPEAL from the *Carroll* Circuit Court.

PERKINS. J.—*Dearth* was fined by a justice of the peace of *Carroll* county, for a violation of the liquor law of 1859. He appealed to the *Carroll* Circuit Court. On the motion of the prosecuting attorney, his appeal was dismissed.

The liquor law of 1859 gives the Circuit Court, the Common Pleas, and justices of the peace, jurisdiction of violations of that act. Jurisdiction means the power or right, in a court, to hear and determine a cause. But after jurisdiction has been conferred, generally, upon a court, the question

*Saturday, December 14.*

Nov. Term, still arises, how is that jurisdiction to be acquired in a
1861.      particular case? Is it through original institution of suits,
STRANGE    or through appeals from inferior courts? The liquor act in
v.         question, points out but two modes in which jurisdiction may
PRINCE.    be acquired of given cases, viz., by original institution, and
through recognition, by a justice, to the Circuit or Common
Pleas, of the defendants in such causes, instituted before a
justice, as he can not properly punish, and, hence, is incom-
petent to properly try. It does not give appeal as one of the
modes of placing a cause in any court. Turning to another
statute to see how appeals may be taken, we find they are,
in criminal cases, authorized to be taken to the Common
Pleas alone, and the right of appeal is entirely regulated by
statute. See Perk. Prac. 38; 2 R. S., §10, p. 498.

If there is any other statute authorizing an appeal in
criminal cases to the Circuit Court, we have not been cited
to it, nor are we aware of its existence.

*Per Curiam.*—The judgment below is affirmed, with costs
*J. C. Applegate*, for the appellant.